IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

KENNETH BRITT and JOHN H. )
THOMPSON, )
 )
        Plaintiffs, )
 )
        v. ) Civil Action No.  1:10cv238-WHA
 )
 ) (wo)
CDA, Incorporated, )
 )
        Defendant. )

## MEMORANDUM OPINION AND ORDER

### I. INTRODUCTION

This case is before the court on a Motion to Dismiss, or in the Alternative, Motion for Summary Judgment filed by the Defendants (Doc. #16).

The Plaintiffs originally filed two Complaints in Small Claims Court of Dale County, Alabama, against CDA, Incorporated and Clifton Dates, seeking back wages. The cases were consolidated.

The Defendants filed a Notice of Removal, removing the consolidated cases on the basis of federal question jurisdiction. The Defendants stated that the state law claims for back wages require an interpretation of a collective bargaining agreement and are, therefore, completely preempted by § 301 of the Labor Management Relations Act, 29 U.S.C. § 185. No Motion to Remand was filed. The Defendants then filed the instant Motion to Dismiss, or for Summary Judgment.

Upon Motion of the Plaintiffs, Defendant Clifton Dates was dismissed from the case.

For the reasons to be discussed, the Defendant's Motion is due to be GRANTED.

## II.  SUMMARY JUDGMENT STANDARD

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

The party asking for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the 'pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Id.* at 323.  Once the moving party has met its burden, Rule 56(e) "requires the nonmoving party to go beyond the pleadings and by [its] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* at 324.

After the nonmoving party has responded to the motion for summary judgment, the court must grant summary judgment if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c).

## III.  FACTS

The submissions of the parties establish the following facts, viewed in a light most favorable to the non-movants:

The Plaintiffs state that they were not paid wages from their employment. They were employed as security guards at Fort Rucker, Alabama. The Collective Bargaining Agreement ("CBA") between CDA, Incorporated and Local 401 of the United Government Security Officers of America contains a Grievance Procedure which requires the filing of a grievance, and arbitration of any unsettled grievances. *See* Defendants' Exhibit C.

The Plaintiffs have submitted evidence that they, and other employees, were told by their union representative to file suit against the employer, rather than submit a grievance.

## IV. DISCUSSION

The Defendants argue that the Plaintiffs' claims are due to be dismissed, or that summary judgment is due to be granted, because the Plaintiffs have failed to exhaust the remedies provided for in the CBA, citing *Vaca v. Sipes*, 386 U.S. 171, 184 (1967).

The Plaintiffs do not dispute that the CBA contains a grievance procedure, and requires the submission of a grievance. They also do not dispute that they failed to file a grievance or submit any grievance to arbitration. Instead, they submit evidence to substantiate an argument that they were improperly told by their union representative that they did not need to file a grievance. Whether or not the evidence pointed to by the Plaintiffs would support a different claim against the union is not an issue before the court. The evidence pointed to by the Plaintiffs does not create a question of fact as to whether the Plaintiffs followed the CBA's grievance procedures for their claims for unpaid wages against their employer, which are the only claims pending in this case. Accordingly, summary judgment is due to be GRANTED, and the claims asserted by the Plaintiffs are due to be DISMISSED.

## V. CONCLUSION

For the reasons discussed, summary judgment is due to be and is hereby ORDERED GRANTED and the Plaintiffs' claims are DISMISSED. A separate Judgment will be entered in accordance with this Memorandum Opinion and Order.

Done this 23rd day of June, 2010.

/s/ W. Harold Albritton
W. HAROLD ALBRITTON
SENIOR UNITED STATES DISTRICT JUDGE